UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Maurice Whidbee,

                Petitioner,                09-CV-780 (CPS)

   - against -

                                            MEMORANDUM
United States of America,             OPINION
                                            AND ORDER

                Respondent.

----------------------------------------X
SIFTON, Senior Judge.

On April 17, 2007, Maurice Whidbee ("petitioner") was found guilty by a jury of being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On March 27, 2008, I sentenced petitioner to a term of imprisonment of 182 months, which petitioner is currently serving. Now before the Court is petitioner's habeas corpus petition for relief, pursuant to 28 U.S.C. § 2255,[1] to vacate, set aside or correct his sentence on the following grounds: (1) petitioner's trial counsel was ineffective for failing to argue that the Court could not enhance his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1); (2)

---

[1] 28 U.S.C. § 2255 provides a person in federal custody a opportunity to challenge the legality of the sentence imposed by the court upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1.

petitioner's appellate counsel was ineffective for failing to properly communicate with him; (3) petitioner's sentence was invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) because the fact of his prior convictions was determined by a judge and not a jury; and (4) petitioner is "actually innocent" of the armed career offender status, upon which his enhanced sentence was based.[2]  For the reasons set forth below, the motion is denied.

**BACKGROUND**

The following facts are taken from the record, the parties' submissions in connection with this motion and prior decisions in this case.

On June 21, 2006, at approximately 1:50 a.m., New York Police Department officers observed petitioner walking with a pronounced limp on a sidewalk near Marcus Garvey Boulevard and Lafayette Avenue in Brooklyn, New York.  Trial Transcript ("T.") at 40-53.  As the officers approached the petitioner to ascertain whether he was injured, they observed a large bulge in petitioner's right pant leg.  T. at 55-59.  A closer examination

---

[2] Petitioner appears to use the phrase "actual innocence" to argue that he was erroneously sentenced as an armed career offender.  However, "actual innocence" is not in it of itself a claim for relief; rather, a showing of actual innocence serves as a "gateway" for a petitioner to argue a procedurally defaulted issue.  *House v. Bell*, 547 U.S. 518, 555 (2006).

and pat-down of the outside of petitioner's pant leg revealed an unloaded four-foot long Remington sniper rifle. T. at 59-65.

Petitioner was arrested and plead guilty to misdemeanor possession of a firearm in the fourth degree, in violation of Section 265.01 of the New York Penal Law, in King's County Supreme Court. Petitioner was sentenced to time served after having spent less than thirty days in prison. Presentence Investigation Report ("PSR") ¶ 5.

On September 26, 2006, an Assistant Attorney General authorized the United States Attorney to pursue a successive prosecution of the petitioner for violation of federal firearms laws. *United States v. Whidbee*, No. CR-06-0759 (CPS), 2007 WL 1074602, at *2 (E.D.N.Y. April 9, 2007). On November 16, 2006, a federal grand jury returned an indictment against petitioner for possessing a firearm after having been convicted of three violent felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On April 17, 2007, petitioner was convicted by a jury of the sole count of the indictment. *United States v. Whidbee*, No. CR-06-0759 (CPS) (E.D.N.Y. April 17, 2007).

Prior to his June 2006 arrest, petitioner's record contained eleven criminal convictions. *See* PSR ¶ 18-52. The following

convictions were violent felonies:[3] (1) in 1995, the defendant was convicted in Queens County of Attempted Burglary in the Second Degree; (2) in 2000, petitioner was convicted in Queens County of Attempted Robbery in the Third Degree; and (3) in 2000, petitioner was also convicted in Bronx County of Attempted Arson in the Second Degree while incarcerated on Riker's Island. PSR ¶¶ 18-52.

Petitioner's Presentence Report noted that petitioner's three prior violent felony convictions subjected him to an enhanced sentence under the provisions of ACCA and to designation as an "armed career criminal," per U.S.S.G. § 4B1.4.[4] PSR ¶ 5. Petitioner's status as an "armed career criminal" also triggered enhancements to his offense level and criminal history pursuant

---

[3] As defined by 18 U.S.C. § 924(e)(2)(B), a "violent felony" is any crime punishable by imprisonment for more than one year that "has an element the use, attempted use, or threatened use of physical force against the person of another; or is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Generally, courts have designated attempt to commit a crime as a "violent felony" for purposes of § 924(e). *See United States v. Rainey*, 362 F.3d 733, 735 (11th Cir. 2004); *United States v. Whitley*, 2005 WL 1949490, *1 (S.D.N.Y. Aug. 11, 2005). The Second Circuit has also recognized attempted burglary, attempted robbery, and arson as violent felonies under 18 U.S.C. § 924(e). *See United States v. Lynch*, 518 F.3d 164, 169 (2d Cir. 2008) (attempted burglary); *United States v. Brown*, 52 F.3d 415, 425-26 (2d Cir. 1995) (attempted robbery); *United States v. Hathaway*, 949 F.2d 609, 610 (2d Cir. 1991) (arson).

[4] ACCA mandates that any person who violates 18 U.S.C. § 922(g) "and has three previous conviction by any court... for a violent felony... committed on occasions different from each one another... shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Section 4B1.1 of the Sentencing Guidelines defines those subject to ACCA enhancement as "armed career criminal[s]" and also provides for an enhanced sentencing offense level and criminal history. 18 U.S.C. Appx. § 4BG1.4.

to the Sentencing Guidelines under § 4B1.4(a), 4B1.4(b)(3)(B), and 4B1.4(c)(2).[5] Due to that enhancement, petitioner's offense level was increased to 33 points, and his criminal history category was enhanced to VI, resulting in a Guidelines range of 235 to 293 months. See PSR ¶ 5, 56, 93. In consideration of the factors enumerated in 18 U.S.C. § 3553,[6] I sentenced the petitioner to 182 months of incarceration followed by five years of supervised release.[7] Transcript of Sentencing, March 27, 2008,

---

[5] U.S.S.G. § 4B1.4 provides for enhancements to the calculation of a defendant's criminal offense level and criminal history as follows, in pertinent part:
    (a) A defendant who is subject to an enhanced sentence under the
    provisions of 18 U.S.C. § 924(e) is an armed career criminal.
    (b) The offense level for an armed career criminal is
    the greatest of:
        (3) (A) 34, if the defendant used or possessed the firearm or
        ammunition in connection with... a crime of violence...
        (B) 33, otherwise.

    (c) The criminal history category for an armed career
    criminal is...
        (2) Category VI, if the defendant used or possessed the
        firearm or ammunition in connection with ... a crime of
        violence.

18 U.S.C. Appx. § 4B1.4.

[6] The statute requires that a court, in determining the particular sentence to be imposed, consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for
    the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational
    training, medical care, or other correctional treatment in the most
    effective manner."

[7] Six months were deducted from the petitioner's term of incarceration of 188 months in order to give him credit for the time he spent in custody pursuant to a writ of federal habeas corpus ad prosequendum.

at 32. I found that petitioner's criminal history category was largely "influenced by conduct caused by a terrible upbringing and mental health problems," and considered "the fact that the same history of misconduct ends up being counted against [petitioner] on the offense level side of the equation and the criminal history category." *Id.* at 30. Accordingly, I imposed a sentence above the ACCA minimum of 180 months but below the advisory sentencing guidelines. *Id.* at 30-32.

Petitioner thereafter obtained new counsel and appealed his conviction and sentence, arguing that the imposition of an enhanced sentence under ACCA violated the Eighth Amendment's prohibition against cruel and unusual punishment. *United States v. Whidbee*, 307 Fed.Appx. 537, 2009 WL 137022 at *538 (2d Cir. 2009). On January 21, 2009, the Court of Appeals rejected petitioner's argument and upheld the conviction and sentence, noting that the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." *Id.* (quoting *United States v. Rivera*, 546 F.3d 245, 254-55 (2d Cir. 2008)) (internal quotation marks omitted). The Court further stated that it had consistently rejected the argument that the mandatory minimum provided by 18 U.S.C. § 924(e)(1) was grossly disproportionate as applied to a defendant with three prior

violent felony convictions. *See, e.g., United States v. Mitchell*, 932 F.2d 1027, 1028-29 (2d Cir. 1991); *United States v. Gamble*, 388 F.3d 74, 77 (2d Cir. 2004) (per curiam).

Petitioner filed this application for habeas *pro se* on February 20, 2009.

**DISCUSSION**

**I. Timeliness**

Motions filed under § 2255 must be made within a one-year period of limitation that begins from "the date on which the judgment of conviction becomes final." 18 U.S.C. § 2255(f)(1). Petitioner's motion is not time-barred, as it was filed on February 20, 2009 - within one year of the Court of Appeals' January 21, 2009 decision.

**II. Petitioner's Claims**

A. Ineffective Assistance of Trial Counsel

Petitioner alleges a violation of his Sixth Amendment right to assistance of counsel.[8] He argues that trial counsel erred by failing to object to the finding that petitioner was an "armed

---

[8] The Sixth Amendment to the United States Constitution provides, in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right... to have the Assistance of Counsel for his defense." U.S. CONST. Amend. XI, § 1.

career criminal" under ACCA. Petitioner claims that he does not have three felony convictions of the "same crime," that he only had two prior felony convictions rather than three, and that his two convictions should only have been treated as a single conviction because his sentences were ordered to run concurrently. Petition ("P.") at 5. I consider these arguments below.

*1. Procedural Bar*

I note at the outset that petitioner's claim of ineffective assistance of counsel is procedurally barred. Generally, a claim that could have been raised at trial or on direct appeal is considered waived or exhausted and may be not be re-litigated. *See United States v. Frady*, 456 U.S. 152, 164 (1982). A moveant is permitted to raise an ineffective assistance of counsel claim in a collateral attack, even if that claim could have been, but was not, raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). However, the Second Circuit has held that a petitioner may not raise an ineffective assistance claim for the first time on collateral attack if the petitioner had new counsel on direct appeal and the claim is based solely on the record developed at trial. *See, e.g., Amiel v. United States*,

209 F.3d 195, 198 (2d Cir. 2000); *Billy-Ecko v. United States*, 8 F.3d 111, 114 (2d Cir. 1993), *abrogated by Massaro*, 538 U.S. 500 (2003).

Here, petitioner was represented by new counsel on direct appeal. He failed to raise a claim of ineffective assistance of trial counsel or any substantive challenges to his sentence on appeal. Further, petitioner's claim is based on events within the trial and sentencing record. Petitioner's first claim is procedurally barred.

*2. Merits*

In any case, petitioner's claim fails on the merits. A petitioner who alleges a claim of ineffective assistance of counsel must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficiency caused actual prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong is established by showing that counsel's conduct fell "outside the wide range of professionally competent assistance." *Id.* at 690. The prejudice prong is established when there is a "reasonable probability" that, but for the deficient performance, the trial's outcome would have been different. *Id.* at 694. The standard for

the reasonableness of counsel's performance and strategic decisions is highly deferential. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *see also Strickland,* 460 U.S. at 689 (strong presumption that performance fell within the broad range of reasonable assistance). Where counsel's decisions were strategic or where pursuing an argument "would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 691.

Petitioner points to three objections that he alleges trial counsel should have made regarding his criminal history. First, petitioner claims that his three felony convictions were not "of the same crime" and thus his sentence as an "armed career criminal" was incorrectly imposed. P. at 5. Petitioner points to no case law or statute supporting his "same crime" theory. There is no showing that counsel's performance was defective on this ground.

Petitioner next contends that his counsel should have objected on the ground that petitioner had two prior felony convictions rather than three, and on the ground that his two felonies should be counted as one because his sentences were to run concurrently. It is well-settled in this Circuit that crimes

that are not part of "single common scheme or plan" are to be treated as distinct for purposes of enhancing a defendant's sentence pursuant to Guideline 4B1.4 and ACCA. *United States v. Chartier*, 970 F.2d 1009, 1016 (2d Cir. 1992); *See also United States v. Brothers*, 316 F.3d 120, 123-24 (2d Cir. 2003) (outlining relevant factors in determining whether various convictions are part of a "common scheme or plan" for purposes of the career offender guideline).[9]

Here, petitioner's three violent felonies were not part of a "single common scheme or plan," as they were entirely independent criminal offenses (attempted burglary, robbery, and arson), committed on separate occasions (in 1995, 1997, and 1999), in different geographical locations, with different victims. Once a criminal episode is identified as distinct, each prior offense may serve as a predicate conviction, even where multiple

---

[9] Relevant factors in determining whether various convictions are part of a "common scheme or plan," are the following: (1) the time period within which the offenses took place, *see United States v. Rappaport*, 999 F.2d 57, 60 (2d Cir. 1993); *United States v. Connor*, 947 F.2d 1018, 1020 (2d Cir. 1991); (2) the participants involved, *see United States v. LaBarbara*, 129 F.3d 81, 86 (2d Cir. 1997); *United States v. Chartier,* 970 F.2d 1009, 1016 (2d Cir. 1992); *Connor*, 947 F.2d at 1020; (3) the victims targeted, see United States v. Bauers, 47 F.3d 535, 538 (2d Cir. 1995); *Rappaport*, 999 F.2d at 60; *Chartier*, 970 F.2d at 1016; (4) the motive, *see LaBarbara*, 129 F.3d at 86; *Chartier*, 970 F.2d at 1016; (5) the modus operandi; *see Rappaport*, 999 F.2d at 60; *124 *Connor*, 947 F.2d at 1020; (6) the geographic location of the crimes, see *Rappaport*, 999 F.2d at 60; (7) the substantive offenses committed, see *LaBarbara*, 129 F.3d at 86; *Bauers*, 47 F.3d at 538; (8) whether the acts were uncovered by a common investigation, *United States v. Shewmaker*, 936 F.2d 1124, 1129 (10th Cir. 1991); and (9) whether the offenses were jointly planned, *see Chartier*, 970 F.2d at 1016 (quoting *Brothers*, 316 F.3d at 123-124).

convictions are consolidated in a single proceeding or where sentences of multiple offenses run concurrently. *See, e.g., United States v. Thompson*, 198 Fed.Appx. 125, 126 (2d Cir. 2006) (where defendant's prior offenses are consolidated for trial and sentencing, they are still considered distinct so long as they are separated by different arrests); *United States v. Mapp*, 170 F.3d 328, 338 (2d Cir. 1999) (multiple convictions are not functionally consolidated, for purposes of Sentencing Guidelines' armed career offender provisions, if offenses occurred on different days and involved different locations, participants, and victims, thus lacking a close factual relationship). Accordingly, petitioner's prior convictions must be counted as separate felonies that trigger the sentencing requirements of ACCA.

Third, petitioner's trial counsel did not behave unreasonably in failing to object to the enhanced sentence awarded to the petitioner as an armed career criminal. At trial, the government established, through certified judgments of the convictions, that petitioner's criminal history included eleven convictions, three of which qualify as "violent felonies" as defined by ACCA. *See* 18 U.S.C. § 924(e)(2)(B). The probation department in its PSR concluded that petitioner's three prior

violent felony convictions subjected him to the enhanced ACCA sentence. For trial counsel to advance any of petitioner's claims would have been "fruitless" and harmful to petitioner's case considering the factual evidence to the contrary. *Strickland*, 466 U.S. at 691. Thus, petitioner's ineffective assistance of trial counsel claim does not satisfy the first prong of *Strickland* and is without merit.[10]

B. Ineffective Assistance of Appellate Counsel

Petitioner contends that his appellate counsel failed to effectively communicate with him, resulting in a failure to raise various unspecified issues on appeal.[11] In order to establish a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate that "appellate counsel acted objectively unreasonably in failing to raise a particular issue on appeal, and absent counsel's deficient performance, there was a reasonable probability that petitioner's appeal would have been successful." *Anderson v. Keane*, 283 F.Supp.2d 936, 941 (S.D.N.Y., 2003). This test mirrors that of *Strickland*. *Id.*

---

[10] Because petitioner has not established deficiency of counsel, I do not reach the prejudice prong of the *Strickland* test as to whether the outcome of the trial would have been different but for counsel's alleged errors.

[11] Petitioner's habeas petition states that appellate "counsel never proffered my views with me or ask for my opinion on how to approach this case." P. at 5.

The Supreme Court and the Second Circuit have consistently held that appellate counsel need not raise every nonfrivolous issue on appeal even if requested by the defendant. *Jones v. Barnes,* 463 U.S. 745, 754 (1983); *See also Cuoco v. United States*, 208 F.3d 27, 32 (2d Cir. 2000) (appellate counsel has no duty to advance every argument that could be made); *United States v. Daniels*, 558 F.2d 122, 126 (2d Cir. 1977) (defense counsel is not required to brief and argue every conceivable argument and courts should not attempt to second-guess appellate counsel's tactical decisions). Rather, a reviewing court must be deferential to the appellate counsel's judgment and tactical strategy. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986). Thus, in order to prevail on a claim of ineffective assistance of appellate counsel, it is not sufficient for a habeas petitioner to demonstrate that counsel failed to introduce an issue; instead, a petitioner must show that appellate counsel omitted specific, "significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000) (quoting *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) *cert. denied*, 513 U.S. 820 (1994)).

Petitioner fails to identify any issue that appellate counsel neglected or ignored to introduce on appeal that would

have produced a reasonable probability of success.  Instead, petitioner complains of poor communication with his attorney, which is legally insufficient in the absence of some showing of prejudice resulting from this lack of communication.  Petitioner has failed to demonstrate that appellate counsel's conduct falls outside a "wide range of reasonable professional assistance" or that he suffered any prejudice as a result of appellate counsel's performance.  *See Strickland*, 446 U.S. at 689.

C. Petitioner's *Apprendi* Argument

Petitioner contends that his sentence was invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[12] on the ground that the fact of his prior convictions should have been found by a jury beyond a reasonable doubt.  However in *Apprendi*, the Supreme Court held that, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490 (emphasis added).  The Second Circuit has rejected petitioner's

---

[12] In *Apprendi*, the Supreme Court upheld the rule, established in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that the Sixth Amendment right to a jury trial, prohibits judges from enhancing criminal sentences beyond statutory maximums based on facts other than those decided by a jury beyond a reasonable doubt.

argument in numerous cases. *See United States v. Estrada*, 428 F.3d 387, 390 (2d Cir. 2005) (stating that "recidivism is a sentencing factor rather than an element of the crime," and thus it is not within the purview of the Court of Appeals to "anticipate whether the Supreme Court may one day overrule its existing precedent"); *United States v. Santiago*, 268 F.3d 151, 155-156 (2d Cir. 2001) (noting that *Apprendi* made an exception for proof of prior convictions; "we read *Apprendi* as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well"); *United States v. Cyrus*, 27 Fed.Appx. 19, 21, 2001 WL 1231508, at *1 (2d Cir. 2001) (holding the fact of defendant's three prior convictions were sentencing factors to be determined by a judge, not elements of a crime, and thus not required to be charged in indictment nor found by jury beyond a reasonable doubt). Accordingly, petitioner's *Apprendi* argument is precluded by controlling precedent.

D. Actual Innocence

Last, petitioner claims that he is "actually innocent" of the armed career offender status. A successful actual innocence claim may exculpate a petitioner of his conviction and correct a

"fundamentally unjust incarceration." *Murray v. Carrier*, 477 U.S. 478, 495 (1986) (quoting *Engle v. Issac,* 456 U.S. 107, 135 (1982)). The Supreme Court has established that prisoners asserting innocence must demonstrate "factual innocence, not mere legal insufficiency" so that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner's allegation must also be supported with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence that is not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). This general rule "ensures that petitioner's case is truly 'extraordinary,' while still providing petitioner a meaningful avenue by which to avoid a manifest injustice." *Id*. at 327 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

Here, petitioner does not point to any new facts demonstrating "actual innocence" of the gun possession charge for which he was convicted, nor is his argument that he is not an armed career offender based on factual innocence. Instead, petitioner makes a legal challenge to my consideration of his prior convictions in sentencing him under the Guidelines.

Accordingly, petitioner's actual innocence claim fails.

**CONCLUSION**

For the reasons set forth above, petitioner's application is denied. Petitioner is denied a certificate of appealability because he has not made a "substantial showing of the denial of a constitutional right." *U.S. v. Outen*, 286 F.3d 622, 634 (2d Cir. 2002) (quoting 28 U.S.C. § 2253(c)(2)). The Clerk is directed to transmit a copy of the within to all parties, and to mail a copy of the within to the petitioner.

SO ORDERED.

Dated :   Brooklyn, New York
         July 27, 2009

                    By: /s/ Charles P. Sifton (electronically signed)
                            United States District Judge